IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRIS JACOBS,

                              Plaintiff,                                OPINION and ORDER

                  v.                                                      14-cv-126-bbc[1]

JB VAN HOLLEN, JILL FALSTAD,
LEMOUNT JACOBSON, GREG GRAU
and RANDY KRAUGER,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Chris Jacobs, a prisoner incarcerated at the Columbia Correctional Institution, has filed a lawsuit, alleging that prosecutors responsible for his 16-year-old conviction are violating his rights in several ways. Plaintiff has not submitted financial information (he states that it was seized by prison officials) but I understand that he is seeking leave to proceed in forma pauperis. Plaintiff has "struck out" under 28 U.S.C. § 1915(g) because on three different occasions he has filed lawsuits that were dismissed as frivolous or for failing to state a claim upon which relief may be granted. This means that he cannot qualify for indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

---

[1] I am assuming jurisdiction over the case for the purpose of issuing this order.

After reviewing plaintiff's complaint, I conclude that most of his claims do not meet the imminent danger standard, and the allegations that might meet this standard do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. I will give plaintiff a chance to file an amended complaint explaining his claims more fully.

OPINION

As stated above, I understand plaintiff to be seeking leave to proceed in forma pauperis with his claims, but he has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least four prior occasions, plaintiff has brought actions or appeals that were dismissed because they were frivolous, malicious or failed to state a claim upon which relief may be granted. Jacobs v. Prison Record Department, No. 3:10-cv-140 (E.D. Wis. May 7, 2010); Jacobs v. Gerber, No. 09-3250 (7th Cir. Nov. 3, 2009); Jacobs v. Huibregtse, No. 08-1804 (7th Cir. July 22, 2008); Jacobs v. Frank, No. 2:07-cv-55 (E.D. Wis. Apr. 23, 2007). Therefore, this case cannot proceed unless I find that plaintiff has alleged that he is in imminent danger of serious physical injury.

If plaintiff's allegations meet this burden, the next step would be to screen the

2

complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. Unfortunately for plaintiff, I cannot allow him to proceed with his claims at this time because his allegations are not sufficient to state a claim under either the imminent danger standard or the screening standard. Plaintiff alleges that defendants, whom I understand are all prosecutors involved in his 1998 conviction, continue to harass him by ordering prison staff to commit misconduct. This misconduct takes a wide variety of forms, such as ordering plaintiff's transfer to different prisons, in violation of prison rules; encouraging "snitches" to harass and attack him; denying him magazines and dental supplies; and "using prison staff to keep an 'On-going investigation'" into plaintiff while withholding exculpatory evidence that could exonerate him regarding his conviction. Plaintiff states also that defendants themselves engaged in misconduct in his criminal proceedings, leading to his false conviction.

Plaintiff's allegations regarding defendants' misconduct in his criminal proceedings do not belong in a lawsuit under 42 U.S.C. § 1983 and will be disregarded. These are arguments plaintiff should have raised in his criminal appeal, post conviction motions or habeas corpus proceedings. Usually, I would tell a plaintiff who brings these allegations to file a petition for writ of habeas corpus, but plaintiff has already made multiple attempts to file such an action, e.g., Jacobs v. Huibregtse, No. 10-cv-805-bbc (Jan. 26, 2011). As the court has told plaintiff in the past, he cannot file another habeas petition unless he obtains certification from a panel of the Court of Appeals for the Seventh Circuit authorizing him

to do so.

Regarding his allegations that do belong in a § 1983 lawsuit, most of the misdeeds about which plaintiff is complaining do not put him in imminent danger of serious physical harm so I need not address them further in this opinion. The only possible imminent danger claim concerns the allegations that snitches are attacking him. However, I cannot allow plaintiff to proceed on this claim at this time because his allegations do not satisfy the requirements of Federal Rule of Civil Procedure 8, which requires a plaintiff to plead enough allegations of fact to make a claim for relief plausible, that is, reasonable on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. At this point, plaintiff says that he believes that his prosecutors are behind the harassment and threats he faces, but he does not explain how he knows that to be true. Speculation alone cannot support a claim. Twombly, 550 U.S. at 555; Atkins v. City of Chicago, 631 F.3d 823, 830-32 (7th Cir. 2011) (to avoid dismissal, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level").

However, as a general rule plaintiffs should be given a chance to amend their complaints when they may be able to assert a viable claim, so I will give plaintiff a chance to submit an amended complaint. Bausch v. Stryker Corp., 630 F.3d 546, 562 (7th Cir. 2010). Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint

4

should be able to answer the following questions:

- Who is threatening or attacking him, and when and how did they do so?

- How does plaintiff know that prison officials are telling other inmates to threaten or attack him? In turn, how does he know that each defendant named in this case is telling prison officials to direct these threats or attacks?

- Has plaintiff told prison officials about the attacks or threats? How have they responded?

The amended complaint will completely replace the original complaint, so plaintiff should include all the allegations from the original complaint he thinks are important, along with his new allegations providing further explanation of his claims. Also, plaintiff should keep in mind that without paying the full $400 filing fee for the case up front, he will not be able to proceed with any of his claims having to do with violations of his rights unless they involve imminent danger of serious physical harm. If plaintiff wishes to proceed on the many claims he brings regarding other types of harm, he will first have to pay the full $400 fee.

Should plaintiff fail to submit an amended complaint by the deadline set in this order, the court may dismiss the case for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that

1. Plaintiff Chris Jacobs's complaint, dkt. #1, is DISMISSED under Federal Rule of Civil Procedure 8.

2. Plaintiff may have until April 17, 2014 to submit an amended complaint

explaining the basis for his claims more fully. Should plaintiff fail to submit an amended complaint by this deadline, the case may be dismissed for plaintiff's failure to prosecute it.

Entered this 28th day of March, 2014.

                                  BY THE COURT:
                                  /s/
                                  BARBARA B. CRABB
                                  District Judge